[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal brought pursuant to General Statutes § 12-118 of the decision of the Town of Plainville Board of Tax Review's decision affirming the 1992 valuation of the plaintiff's property by the Plainville Tax Assessor.
The basic facts giving rise to this appeal are not disputed. The property in question is a 4.75 acre parcel located in Plainville. Located on the property is a 103,000 square foot industrial building consisting of a four story main building constructed in 1911 and two attached additions completed in 1966 CT Page 9892 and 1968. Adjacent to the main building is a 1,800 square foot, one-story, detached boiler house. The weighted average age of the building is 45 years. It is considered to be in fair to average condition. The elevator is antiquated and needs repair at an estimated cost of $50,000.
The building is a general purpose industrial facility which is best suited for light to medium industrial uses. It is zoned GI or General Industrial. The market for such a property, both in 1991, at the time of the evaluation, and presently, is considered soft and over supplied. As of October, 1991, the appraised value of the property and building was $1,438,310. This constitutes 70% of the full value of $2,054,720.
In this appeal the plaintiff challenges the the Board of Tax Review's refusal to reduce the appraised value of the property. Resolution of this case depends almost entirely on an assessment of the opinions rendered by each party's expert appraiser. Both expert appraisers used the Sales Comparison, Cost and Income approach to valuation, with each placing primary emphasis on the Sales Comparison approach. The plaintiff's expert concluded that the fair market value of the building and property as of October 1, 1991, was $875,000 while the defendant's expert arrived at a fair market value of $2,054,720.
"Whether a property has been overvalued for tax assessment purposes is a question of fact for the trier. . .Mere overvaluation is sufficient to justify redress under § 12-118, and the court is not limited to a review of whether an assessment has been unreasonable or discriminatory or has resulted in substantial overvaluation. . .The court. . .exercise[s] abroad discretionary power to grant relief. . .If a taxpayer is found to be aggrieved by the decision of the board of tax review, the court tries the matter de novo and the ultimate question is the ascertainment of the true and actual value of the property." O'Brien v. Board ofTax Review, 169 Conn. 129, 130-31 (1975).
"In a case before a court, the trial judge is the sole arbiter of the credibility of the witnesses and the weight to be given specific testimony. The credibility and the weight of expert testimony is judged by the same standard and the trial court is privileged to adopt whatever he reasonably believes to be credible." Newbury Commons Limited Partnership v. Stamford,226 Conn. 92 (1993) (internal quotations and citations omitted). "The trier of fact arrives at his own conclusions as to the value CT Page 9893 of the land by weighing the opinion of the appraisers, the claims of the parties in light of all the circumstances in evidence bearing on value, and his own general knowledge of the elements going to establish value." Id., 105.
After considering the experts' testimony and carefully reviewing their reports I conclude that the fair market value of the property in question as of October 1, 1991, is $1,275,000. This decision is based on an assessment of the comparable sales utilized by each expert and the critique each offered of the other's valuation. While the plaintiff did rely, as defendant notes, on out-of-town comparable properties, the plaintiff relied principally on two Plainville properties, one of which was also utilized by the defendant.
A comparison of that common property, 161 Woodford Avenue, Plainville, illustrates the divergent opinions offered by the experts, and the essentially subjective nature of the inquiry. Both experts, in accordance with professionally accepted standards, adjusted the per square foot selling price of the subject property based on certain criteria. As to location, the defendant applied a 10% upward adjustment; the plaintiff did not adjust, finding the location of the two properties comparable. The defendant provided a 50% upward adjustment based on building size, the plaintiff 25%. The plaintiff found the land to building size ratio comparable and therefore did not adjust the price. The defendant offered a 25% upward adjustment. The plaintiff adjusted 30% for the age and condition of the building; the defendant 50%. Taking all of these indices into account, the defendant concluded that the indicated selling price for the subject property should be adjusted from $6.15 per square foot to $14.45 per square foot or well over 100%. Using the same analysis, the plaintiff's provided a 20% adjustment from $6.15 per square foot to $7.38 per square foot.
Based on the expert testimony of both witnesses who referenced the present economic condition of Plainville and the surrounding community, the age and utility of the building and the lack of demand for such large warehouse space, I conclude that the appraised value of the property for more than $2 million dollars as of October, 1991, is excessive and that the fair market value is $1,275,000.
Judgment shall enter for the plaintiff in accordance with the foregoing memorandum of decision. CT Page 9894
Robert L. Holzberg, J.